Judith FAGAN, Plaintiff,

v.

U.S. CARPET INSTALLATION, INC., USIG, Bruce Deluca, Edward Camp, Derek Aleman, Joseph Scionti and Paul Spolizino, Defendants.

Dina Curcio, Plaintiff,

v.

U.S. Carpet Installation, Inc., USIG, Bruce Deluca, Edward Camp, Derek Aleman, Joseph Scionti and Paul Spolizino, Defendants.

Nos. 10–CV–1411 (ADS)(WDW), 10–CV–1459 (ADS)(ETB).

United States District Court, E.D. New York.

March 10, 2011.

John L. Juliano, East Northport, NY, for plaintiff Judith Fagan.

Law Offices of Kevin T. Grennan, PLLC By Kevin T. Grennan, Esq., Of Counsel, Garden City, NY, for plaintiff Dina Curcio.

Moomjian, Waite, Wactlar & Coleman LLP By Lonnie Coleman, Esq., Lisa R. Dvoskin, Esq., Of Counsel, Jericho, NY, for U.S. Carpet Installation Inc., USIG, Bruce Deluca, Edward Camp, Derek Aleman and Joseph Scionti.

Cozen O'Connor By Michael Craig Schmidt, Esq., Of Counsel, New York, NY, for defendant Paul Spolizino.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

These two cases arise out of alleged adverse employment actions taken against Judith Fagan ("Fagan" or "Plaintiff Fagan") and Dina Curcio ("Curcio" or "Plaintiff Curcio" and together with Fagan "the Plaintiffs") by their former employer U.S. Carpet Installation, Inc. and USIG (collectively "U.S. Carpet" or the "Corporate Defendants"), and various individuals employed in a supervisory capacity at U.S. Carpet; namely Chairman and Chief Executive Officer Bruce Deluca ("Deluca"); Regional Vice President Edward Camp ("Camp"); Regional Manager Derek Aleman ("Aleman"); Vice President Joseph Scionti ("Scionti"); and General Manager Paul Spolizino ("Spolizino" and together with Deluca, Camp, Aleman and Scionti the "Individual Defendants" and together with the Corporate Defendants "the Defendants").

Both Fagan and Curcio allege that the Defendants subjected them to a pattern of discrimination based on their age and gender while in their employ in violation of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621, et seq. ("ADEA"); 42 U.S.C. § 1981 ("Civil Rights Act of 1991"), Title VII of the Civil Rights Act of 1964 ("Title VII"), and New York Executive Law § 296 ("NY HRL § 296" or "N.Y. Human Rights Law"). Fagan also alleges she was subject to discrimination based on her disability in violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et seq. ("ADA").

Presently before the Court are nearly identical motions filed by the Individual Defendants in both actions pursuant to Fed.R.Civ.P. 12(b)(6) to dismiss the federal claims and the N.Y. Human Rights Law age discrimination claims against them. Subsequent to filing these motions, the Plaintiffs agreed to dismiss all federal claims as to the Individual Defendants. For the reasons set forth below, the Court denies the Individual Defendants motions to dismiss the N.Y. HRL § 296 age discrimination claim.

## I. BACKGROUND

The following facts are derived from the complaints filed by Judith Fagan on March 26, 2010 ("Fagan Complaint") and Dina Curcio on April 1, 2010 ("Curcio Complaint"), and are construed in the light most favorable to the Plaintiffs.

Plaintiff Fagan, is a 62 year old female and Plaintiff Curcio is a 56 year old fe-

male. Both Plaintiffs were hired in or about 2000 by U.S. Carpet, a major independent installer of flooring for Home Depot in the United States. Both Fagan and Curcio worked in U.S. Carpet's principal executive office located in Farmingdale, New York from 2000 until January 2009. In January 2009, U.S. Carpet moved its principal executive office to Hauppauge, New York, where Fagan worked until her termination on February 11, 2009. Curcio worked in that office until her constructive termination on or about February 20, 2009.

Fagan and Curcio contend that from the commencement of their employment, they were subjected to a hostile work environment based on their age and sex through the words and actions of defendant Paul Spolizino. Spolizino was the General Manager and highest ranking person at the principal executive office and was Fagan's direct supervisor. Because the facts relating to the gender discrimination and hostile work environment claims are not relevant to the instant motion, the Court will not go into those details of the allegations. However, suffice it to say that both the Fagan Complaint and the Curcio Complaint refer in detail to a significant number of offensive statements and actions by Spolizino, both directed to them individually and to other women in the office.

Both Fagan and Curcio allege that, among other contentions, they made formal complaints about Spolizino's behavior to Regional Manager Aleman and Vice President Scionti in August 2008, and to Regional Vice President Camp in December of 2008. In each complaint, Fagan and Curcio informed the individual defendant about Spolizino's verbal abuse, sexual and physical harassment, profanity, screaming, angry outbursts, and constant sexual innuendos toward them and other female employees. Fagan and Curcio assert that no corrective action was taken and that as a result of their complaints, Spolizino's behavior became even more abusive and harassing. As detailed below, both Fagan and Curcio encountered changes in their employment subsequent to making these complaints that ultimately resulted in their discharge from U.S. Carpet.

With respect to Plaintiff Fagan, her work situation deteriorated even more in December 2008, when the company began to make the move from the Farmingdale office to the Hauppauge office. In the same year that Fagan was hired, she was diagnosed with lymphoma. As a result, Fagan underwent retuxin chemotherapy treatments in 2006, 2007 and 2008. On December 17, 2008, Fagan underwent a chemotherapy treatment for her lymphoma. Fagan then worked for two full eight hour work days on December 18 and December 19. According to Fagan, on December 19, 2008, both Camp and Spolizino became enraged with Fagan when after a full day of work, she stated that she was too exhausted to assist with packing boxes for the office move. Both Camp and Spolizino were aware that Fagan had undergone a chemotherapy treatment within the last two days. Subsequently, for the first time during her employment, Spolizino told Fagan that, on Camp's instructions, he would be "monitoring her sick days" and that she "better have a really good reason for taking a sick day." (Fagan Compl., ¶ 51.) Although in January 2009 defendant Deluca, the Chairman and CEO of U.S. Carpet, had praised Fagan for her significant contributions to the company, her employment was terminated on February 11.2009. When Fagan asked defendant Camp why she had been fired, Camp responded "because we picked you." (Fagan Compl., ¶ 52.)

For her part, Plaintiff Curcio claims that after she filed formal complaints about Spolizino there was a "drastic change" in

her job duties, despite the fact that she also received recognition for her significant contributions to the company from Deluca in January 2009. (Curcio Compl., ¶¶ 28, 32.) On or about February 17, 2009, Curcio was advised by defendant Camp that her hours would substantially increase; that she would be required to come into the office daily at 7:00 a.m.; that she would be required to perform menial tasks including inspecting installer vans and inspecting four installer job sites per day; that she would be required to visit two stores each day; and that she would be required to make phone calls in the remaining time until 5:30 p.m. In addition, she would have to work on Saturdays.

Prior to complaining about Spolizino in August and December 2008, Curcio worked as a salaried employee from 8:00 a.m. until 5:00 p.m. The new changes required Curcio to have to spend more time in the office with defendant Spolizino, who continued his inappropriate behavior despite her complaints. In response to the changes in Curcio's job duties in addition to the "unbearable work environment" she left her employment on or about February 20, 2009. (Curcio Compl., ¶ 29.) Curcio claims that she was constructively discharged after the complete change in job description and, in turn, her substantially increased contact with Spolizino. (Curcio Compl., ¶ 29.)

Subsequent to the actual and constructive terminations of Plaintiffs Fagan and Curcio, both were replaced by male employees in their 30's, who they contend were less qualified and experienced than they were. (Fagan Compl., ¶ 27; Curcio Compl., ¶ 33.) In addition, according to the Plaintiffs, almost all of the employees who worked at U.S. Carpet who were over the age of 54 were terminated and younger employees were hired to take their place. (Fagan Compl., ¶ 29; *see also* Curcio Compl., ¶ 34.) Spolizino was eventually discharged after Fagan and Curcio had left, although the Court is not aware of the circumstances surrounding his departure.

Both Fagan and Curcio filed a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") and received EEOC Notice of Right to Sue letters on January 14, 2010. Subsequently, Fagan and Curcio commenced the instant actions on March 26, 2010 ("Fagan case") and March 29, 2010 ("Curcio case") respectively. Both Plaintiffs asserted causes of action against the Corporate Defendants and the Individual Defendants for age and gender discrimination under the ADEA, Title VII, and the N.Y. Human Rights Law. Plaintiff Fagan also asserted a cause of action against the Corporate Defendants and the Individual Defendants for disability discrimination in violation of the ADA.

On May 19, 2010, defendant Spolizino filed nearly identical motions to dismiss the complaints in both the Fagan case and the Curcio case. The remaining Individual Defendants, Deluca, Camp, Aleman, and Scionti, followed suit on May 21, 2010 by also filing nearly identical motions to dismiss in the two cases. Although worded slightly differently, all of the motions seek the dismissal of: (1) the federal causes of action on the ground that the federal statutes do not allow for individual liability and (2) the N.Y. HRL § 296 age discrimination claim on the ground that it is insufficient as a matter of law because both Plaintiffs plead that age was only one factor in their termination and therefore cannot be the "but for" cause as required by the statute.

On June 29, 2010, both Fagan and Curcio submitted virtually identical responses to both sets of motions in their respective cases. As previously stated, both plaintiffs voluntarily dismissed the federal claims as

against the Individual Defendants. However, with respect to the age discrimination claim under the N.Y. Human Rights Law, both Fagan and Curcio contend that age discrimination is pled as an alternative theory for their respective terminations and that a plaintiff is not required to plead that age was the "but for" cause of their termination to state a valid cause of action.

## II. DISCUSSION

### A. *Legal Standard on a Rule 12(b)(6) Motion to Dismiss*

Under the now well-established *Twombly* standard, a complaint should be dismissed only if it does not contain enough allegations of fact to state a claim for relief that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). The Second Circuit has explained that, after *Twombly*, the Court's inquiry under Rule 12(b)(6) is guided by two principles. *Harris v. Mills*, 572 F.3d 66 (2d Cir.2009) (citing *Ashcroft v. Iqbal*, —— U.S. ——, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009)).

"First, although 'a court must accept as true all of the allegations contained in a complaint,' that 'tenet' 'is inapplicable to legal conclusions,' and '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Id.* (quoting *Iqbal*, 129 S.Ct. at 1949). "'Second, only a complaint that states a plausible claim for relief survives a motion to dismiss' and '[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Id.* (quoting *Iqbal*, 129 S.Ct. at 1950). Thus, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and ... determine whether they plausibly give rise to an entitlement of relief." *Iqbal*, 129 S.Ct. at 1950.

In considering a motion to dismiss, this Court accepts as true the factual allegations set forth in the complaint and draws all reasonable inferences in the Plaintiffs' favor. *Zinermon v. Burch*, 494 U.S. 113, 118, 110 S.Ct. 975, 979, 108 L.Ed.2d 100 (1990); *In re NYSE Specialists Secs. Litig.*, 503 F.3d 89, 91 (2d Cir.2007). Only if this Court is satisfied that "the complaint cannot state any set of facts that would entitle the plaintiff to relief" will it grant dismissal pursuant to Fed.R.Civ.P. 12(b)(6). *Hertz Corp. v. City of New York*, 1 F.3d 121, 125 (2d Cir.1993). The issue in a motion to dismiss case is "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Todd v. Exxon Corp.*, 275 F.3d 191, 198 (2d Cir.2001) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)).

### B. *Age Discrimination Claims under N.Y. HRL § 296*

The Plaintiffs allege that the Individual Defendants discriminated against them on the basis of their age and their sex in violation of the N.Y. Human Rights Law. Although the Plaintiffs' assert a number of claims with respect to gender discrimination, including claims alleging a hostile work environment and retaliation for complaining about the hostile work environment, the Individual Defendants are only challenging the sufficiency of the age discrimination claim. Specifically, the Individual Defendants contend that, because the Plaintiffs plead that "age and gender were significant factors" in their termination (Fagan Compl., ¶ 30; Curcio Compl., ¶ 55), the Plaintiffs' as a matter of law cannot prevail on an age discrimination claim. For their part, the Plaintiffs argue that they are pleading age and gender discrimination as alternate theories for the adverse employment decisions, and

that they were not required to identify gender or age as the "but for" cause in their pleadings.

■ NY HRL § 296 provides in pertinent part that it is illegal for "an employer ... because of an individual's age ... to discriminate against such individual in compensation or in terms, conditions or privileges of employment." N.Y. Exec. Law § 296(1)(a) (McKinney 2010). Claims for age discrimination under the N.Y. HRL are analyzed under the same basic framework as required in a federal ADEA claim. *See Ludwig v. Rochester Psychiatric Ctr.*, 347 Fed.Appx. 685, 686 n. 1 (2d Cir.2009); *Wanamaker v. Columbian Rope Co.*, 108 F.3d 462, 467 (2d Cir.1997).

■ Accordingly, this Court must analyze the Plaintiffs' N.Y. HRL § 296 claims for age discrimination under the framework of the ADEA. The ADEA makes it "unlawful for an employer ... to discharge any individual ... because of such individual's age." 29 U.S.C. § 623(a)(1). To establish a prima facie case of age discrimination, the Plaintiffs must show that (1) they were within the protected age group, (2) they were qualified for their respective positions, (3) that they experienced adverse employment actions, and (4) that such actions occurred under circumstances giving rise to an inference of discrimination. *See Gorzynski v. Jetblue Airways Corp.*, 596 F.3d 93, 107 (2d Cir.2010). In addition, as the Supreme Court recently held in *Gross v. FBL Financial Services, Inc.*, —— U.S. ——, 129 S.Ct. 2343, 2351, 174 L.Ed.2d 119 (2009), in order to establish a *prima facie* case of age discrimination claim, the "plaintiff has the burden of persuasion to establish that age was the 'but-for' cause of the employer's adverse action" against him and not simply a contributing or motivating factor.

However, it is well-established that on a motion to dismiss a discrimination claim, a plaintiff need not assert in the complaint specific facts which establish a *prima facie* case, but rather the complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Swierkiewicz v. Sorema*, 534 U.S. 506, 508, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) (quoting Fed.R.Civ.P. 8(a)(2)); *Kassner v. 2nd Avenue Delicatessen Inc.*, 496 F.3d 229, 238 (2d Cir.2007) ("At this stage of litigation, plaintiffs need not plead a *prima facie* case and may withstand a motion to dismiss by meeting a lesser standard. Plaintiffs need only comply with Rule 8(a)(2) by providing a short and plain statement of the claim that shows that plaintiffs are entitled to relief and that gives the defendants fair notice of plaintiffs' claims of age discrimination and the grounds upon which those claims rest.").

■ The Supreme Court's holding in *Gross*, which specifically addressed a plaintiff's burden of persuasion at trial, did not affect a plaintiff's pleading obligations under *Swierkiewicz* because establishing a *prima facie* case is an "evidentiary standard and not a pleading requirement." *Swierkiewicz*, 534 U.S. at 510, 122 S.Ct. 992. Accordingly, the Plaintiffs were not required to plead that age discrimination was the "but for" cause of their termination. *See Chacko v. Worldwide Flight Servs., Inc.*, No. 08–CV–2363, 2010 WL 424025, at *3 (E.D.N.Y. Feb. 03, 2010) (holding that *Gross* does not impose an obligation on a plaintiff alleging age discrimination to plead that age was the "but-for" reason for the disputed employment decision because "[p]roof standards are analytically distinct from both pleading requirements and from the elements of a plaintiff's prima facie case"); *see also Riley v. Vilsack*, 665 F.Supp.2d 994, 1006 (W.D.Wis.2009) ("Gross ... had nothing to do with pleading, but rather the proper standard of proof under the ADEA.").

As an initial matter, the Individual Defendants explicitly stated that their motions to dismiss are not based on "something that [the Plaintiffs] failed to plead but rather for what [the Plaintiffs] affirmed." To that extent, the Individual Defendants did not make any arguments with regard to the plausibility of the Plaintiffs' age discrimination claims generally— e.g., whether they plausibly allege facts supporting an inference of discrimination. Nor did they make any arguments with regard to the propriety of asserting those claims against each defendant individually. Consequently, this order addresses only the discrete issue that has been placed before the Court; namely, whether as a matter of law a plaintiff can state an age discrimination claim when age is one of a number of factors the plaintiff pleads are responsible for the adverse employment action.

The Individual Defendants contend that, because the Plaintiffs allege that both age and gender were "significant factors" in the decisions to terminate them, they cannot, as a matter of law, prove that age was the "but for" cause of their termination. In the context of making this argument, the Individual Defendants consistently maintain that the Plaintiffs will *not* be able to meet their burden of persuasion because they "affirmatively alleged that age was not the 'but for' reason" for the adverse employment action. (Deluca, et al Curio & Fagan Reply Brs. at 3; Spolizino Curcio & Fagan Reply Brs. at 2–3 (emphasis in original).) The Court disagrees.

Neither the Fagan Complaint nor the Curcio Complaint take a position either way as to whether their age was the "but for" factor for their respective terminations. Rather, Fagan and Curcio both identify age as one of multiple "significant factors" in the decision to terminate their employment. The condition that a plaintiff's age must be the "but for" cause of the adverse employment action is not equivalent to a requirement that age was the employers *only* consideration, but rather that the adverse employment actions would not have occurred without it. *See Gross*, 129 S.Ct. at 2350 (citing W. Keeton, D. Dobbs, R. Keeton, & D. Owen, Prosser and Keeton on Law of Torts 265 (5th ed.1984) for the proposition that "An act or omission is not regarded as a cause of an event if the particular event would have occurred without it"). Thus, reading the complaints in the light most favorable to the Plaintiffs, the Court finds that by identifying multiple "significant factors" that may have motivated the Defendants' ultimate decision to terminate their employment, the Plaintiffs did not, as a matter of law, affirmatively allege that age was not the "but for" cause.

■ Furthermore, the Court rejects the Individual Defendants' contention that the Plaintiffs' were not permitted to plead alternate theories for their discharge, or that the alternate theories needed to be explicitly delineated in the complaint. As set forth in Federal Rule of Civil Procedure 8(d)(2), a party pleading in the alternative does not have separately identify the statements as alternative theories in separate counts or factual allegations. Rather, Rule 8(d)(2) states that "[i]f a party makes alternative statements, the pleading is sufficient if any one of them is sufficient." Fed.R.Civ.P. 8(d)(2). In addition, pursuant to Federal Rule of Civil Procedure 8(d)(3), "[a] party may state as many separate claims or defenses as it has, regardless of consistency." Fed.R.Civ.P. 8(d)(3). As the Second Circuit has noted, "[t]he flexibility afforded by Rule 8( [d] )(2) is especially appropriate in civil rights cases, in which complex inquiries into the parties' intent may sometimes justify raising multiple, inconsistent claims." *Henry*

*v. Daytop Village, Inc.,* 42 F.3d 89, 95 (2d Cir.1994).

Where, as here, the circumstances surrounding the adverse employment action could give rise to inference of discrimination on multiple grounds, the ultimate requirement that age be the "but for" cause to recover on an age discrimination claim does not foreclose a plaintiff from pleading in the alternative. *See Ries v. Winona County,* No. 10–CV–1715, 2010 WL 3515722, at *10 (D.Minn. July 28, 2010) (rejecting an argument that under *Gross* a court must dismiss an ADEA claim for failure to plead "but for" causation where the plaintiff pleaded that he was discriminated against on the basis of age and sex and holding that "*Gross* does not foreclose an ADEA plaintiff from pleading alternative theories of relief"). Ultimately, all that is required at this stage of the proceedings is that "the complaint contain sufficient facts to make plausible the conclusion that 'but for' [their] age [the] Plaintiff[s] would still be employed." *Roginsky v. County of Suffolk, N.Y.,* 729 F.Supp.2d 561, 568 (E.D.N.Y.2010).

As previously stated, the Individual Defendants have not objected to the plausibility of the Plaintiffs' age discrimination claims with respect to any of the other *prima facie* elements or with respect to their individual liability. Thus, assuming that the Plaintiffs' have otherwise stated a valid claim for age discrimination, identifying additional "significant factors" does not foreclose the possibility that age was the "but for" factor, and thus both Plaintiffs have plausibly stated a claim for age discrimination under the N.Y. HRL § 296.

### III. CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that the Individual Defendants' motions to dismiss the New York Human Rights Law cause of action for age discrimination is denied, and it is further

**ORDERED** that the Title VII and ADEA causes of action asserted against the Individual Defendants in the Fagan case and the Curcio case, and the ADA cause of action asserted against the Individual Defendants in the Fagan case are withdrawn.

**SO ORDERED.**